UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HARMON JR.,<br><br>        Petitioner,<br><br>    v.<br><br>MIKE KNOWLES,<br><br>        Respondent. | No. CV-06-02572-FVS<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254. (Ct. Rec. 1). Petitioner is proceeding pro se. Jesse N. DeWitt, a Deputy Attorney General for the State of California, is representing Respondent.

**BACKGROUND**

At the time this Petition was filed, Petitioner was in custody at Kern Valley State Prison pursuant to his May 8, 2003 conviction in the San Joaquin County Superior Court for second-degree murder, robbery and arson. (Ct. Rec. 1). On August 22, 2003, Petitioner began serving an aggregate prison term of 54 years, eight months to life. (Ct. Rec. 1). Petitioner is challenging his conviction based on alleged violations of his Fifth and Sixth Amendment rights. (Ct. Rec. 1).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -1

## I. Factual History

Petitioner was convicted for the murder of Adolfine Weiss. (Ct. Rec. 6). Ms. Weiss's badly charred body was found inside the abandoned building where she resided. (Id.) Petitioner, in the course of robbing Ms. Weiss, set fire to both she and the house. (Id.) The medical evidence introduced at trial showed that Ms. Weiss died of ligature strangulation prior to the fire being started. (Id.)

## II. Procedural History

Petitioner was convicted on May 8, 2003,. (Ct. Rec. 6). He appealed his conviction to the Third District Court of Appeal for the State of California. (Ct. Rec. 1). His appeal raised five issues, none of which are currently before this Court. (Ct. Rec. 7, Lodged Doc. B). The Third District affirmed in part and remanded with directions regarding the adjustment of fines. *People v. Harmon*, No. C044925, 2005 WL 1111759, at *13 (May 11, 2005)(unreported decision). On July 20, 2005, the California Supreme Court denied Petitioner's request for review. (Ct. Rec. 7, Lodged Doc. D).

On August 26, 2005, Petitioner filed a petition for writ of habeas corpus in San Joaquin County Superior Court. (Ct. Rec. 7, Lodged Doc. F). This was the first time Petitioner raised the alleged Fifth and Sixth Amendment violations. (Ct. Rec. 7, Lodged Doc. F). On October 11, 2005, the Superior Court denied the petition, holding that the Fifth and Sixth Amendment issues should have been raised on direct appeal, and that Petitioner failed to allege his claims with sufficient particularity. (Ct. Rec. 7, Lodged Doc. G). Petitioner

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -2

then filed a petition for writ of habeas corpus with the Third District Court of Appeal. (Ct. Rec.7, Lodged Doc. H). On November 3, 2005, the Third District summarily denied the petition. (Ct. Rec. 7, Lodged Doc. I). Petitioner then filed a petition for review with the California Supreme Court. (Ct. Rec. 7, Lodged Doc. J). The California Supreme Court, citing *In re Dixon*, 41 Cal.2d 756 (1953), denied the petition. (Ct. Rec. 7, Lodged Doc. K).

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California on November 16, 2006. (Ct. Rec. 1).

**DISCUSSION**

Petitioner alleges that his Fifth and Sixth Amendment rights were violated when statements he made to police after requesting counsel were introduced against him at trial. (Ct. Rec. 1.) He also argues that his Sixth Amendment right to an impartial jury was violated when a woman with "negative opinions" about him was left on the jury over his objection. (Ct. Rec. 1.) The State of California (the "State") argues that under California law, these claims are procedurally barred because Petitioner did not raise them on direct review. (Ct. Rec. 6 at 10, 13). According to the State, this procedural bar constitutes an "independent and adequate" state law ground for denying federal review. (*Id.*)

The principles of federalism and comity dictate that a federal court will not review a question of federal law decided by a state court if the decision of that court rests on "independent and adequate" state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 729

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -3

(1991).  "Independent" means the decision is made independent of federal law.  *Id*.  "Adequate" means that state law supports the court's decision.  See id.  If the law relied on by the state court is both independent of federal law and adequate to support its decision, a federal court will deny review.  *Id*.

Applicable to this case is the doctrine of "procedural default." Procedural default occurs when a state court declines to address a prisoner's federal claims because he has failed to meet a state procedural requirement.  *Id*. at 729-30.  The United States Supreme Court has held that procedural default constitutes a specific application of the "independent and adequate state ground" doctrine, and acts as a bar to federal review, absent a showing of cause and prejudice.  *Id*. at 730-31; see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  "A state procedural rule constitutes an adequate bar to federal court review if it was firmly established and regularly followed at the time it was applied by the state court, and is considered independent if it is not interwoven with federal law or dependent upon a federal constitutional ruling."  *Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir. 1998)(citing *Ford v. Georgia,* 498 U.S. 411, 424 (1991); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)) (internal quotations omitted).  Further, a federal court lacks jurisdiction to review state court applications of state law procedural rules: the federal court's only task is to determine whether the state court decision rests on independent and adequate state law grounds. See *Poland v. Stewart,* 151 F.3d 1014, 1018 (9th Cir. 1998)  However, the Supreme Court has created a "conclusive presumption of [federal]

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -4

jurisdiction" in habeas cases. *Id*. at 733.  In order to overcome this presumption, the state court must "clearly and expressly [state] that [its decision] is . . . based on bona fide separate, adequate, and independent grounds." *Id*. (direct review cases); see also *Harris v. Reed*, 489 U.S. 255 (1989) (applying presumption of federal jurisdiction to habeas cases).  In order to determine whether a state court has met this "clear statement" standard, a federal court looks to the decision of the last state court to which the petitioner presented his federal claims.  *Coleman*, 501 U.S. at 735.

In this case, the California Supreme Court is the last state court to which Petitioner presented his federal claims. The court cited *In re Dixon* in its one sentence order denying relief. (Ct. Rec. 7, Lodged Doc. K).[1]  Under the California Supreme Court's holding in *In re Dixon*, a federal claim that is not raised on direct review cannot be raised for the first time in a state habeas proceeding, unless there are extraordinary circumstances excusing the failure to appeal.  *In re Dixon*, 41 Cal.2d at 759.  Petitioner alleges before this Court that he raised the "*Miranda*" issue on direct review. (Ct. Rec. 1).  However, a review of the appellate record clearly indicates that Petitioner did not raise either federal issue on direct review.  Petitioner concedes this point in his state habeas petitions. These documents, drafted by Petitioner, clearly indicate that he did

---

[1] In *Coleman*, the United States Supreme Court denied federal habeas relief to a state prisoner based on a three-sentence dismissal order issued by the Virginia Supreme Court, finding that it did not rely on federal law.  Similarly, the California Supreme Court in this case issued a one-sentence order, citing one California case.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -5

not raise these issues on direct review.  (Ct. Rec. 7, Lodged Docs. F, H).  Further, the Third District Court of Appeal's decision affirming his conviction does not mention any Fifth or Sixth Amendment issues being before the court.  *People v. Harmon*, No. C044925, 2005 WL 1111759, at * 13 (May 11, 2005)(unreported decision).  The California Supreme Court clearly applied its own procedural rule, firmly established and regularly applied at the time of its application, to deny habeas relief to Petitioner.

Petitioner alleged in his petitions for state habeas relief that his failure to raise the federal claims on direct review was justified because more evidence was required that was not contained in the appellate record.  (Ct. Rec. 7, Lodged Docs. F, H, & J).  The Superior Court disagreed, holding that these issues were ripe for appeal on direct review.  (Ct. Rec. 7, Lodged Doc. G at 1).  Thus, Petitioner did not make a showing of "extraordinary circumstances," the standard required to justify a failure to appeal under *In re Dixon.*

The Court finds that the California courts relied exclusively on a state procedural rule as the basis for denying habeas relief to Petitioner.  This Court has no jurisdiction to second guess whether the California Supreme Court properly applied its own procedural rule to the facts of Petitioner's case.  *Poland,* 151 F.3d at 1018. Further, Petitioner has not shown the "cause and prejudice" required to avoid application of the "independent and adequate" state ground doctrine.  See *Coleman,* 501 U.S. at 730-31.  This Court must deny review.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -6

**ORDER**

The Court finds that the California Supreme Court's express reliance on a state procedural rule "qualifies as an independent and adequate state ground for denying federal review." See *Cone v. Bell*, 129 S.Ct. 1769 (2009). Since the California courts should have the first opportunity to hear Petitioner's Fifth and Sixth Amendment claims, this Petition (**Ct. Rec. 1**) is **DENIED**.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this order, furnish copies to counsel, enter judgment in favor of Respondent, and **CLOSE THE FILE.**

**DATED** this ___28th___ day of April, 2010.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS -7