UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HARMON, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE KNOWLES,<br><br>    Respondent. | No. CV-06-2572-FVS<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

**THIS MATTER** comes before the Court based upon petitioner's motion for a Certificate of Appealability.  For the reasons set forth below, his motion is denied.

**BACKGROUND**

Richard Harmon, Jr., was convicted of second degree murder, robbery, and arson in San Joaquin County Superior Court in the State of California.  He appealed the judgment of conviction.  The state Court of Appeal affirmed his conviction and the state Supreme Court denied review.  Mr. Harmon filed a petition for a writ of habeas corpus in state Superior Court.  He raised two issues he had not raised during the course of his direct appeal.  For one thing, he argued the trial judge improperly refused to excuse a juror.  For another thing, he argued the judge improperly admitted statements he

ORDER - 1

made to a law enforcement officer in response to custodial interrogation.  Since Mr. Harmon had raised these issues for the first time in a state habeas petition, neither the Superior Court, nor the Court of Appeal, nor the Supreme Court would consider them.  As a result, Mr. Harmon turned to federal court; filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserted issues the California courts had refused to consider as a result of his failure to comply with state procedural rules.  This Court denied habeas relief on the ground he had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Mr. Harmon now seeks a certificate of appealability ("COA").  28 U.S.C. § 2253(c).

**STANDARD**

Mr. Harmon must demonstrate "'reasonable jurists would find [this Court's] assessment of the constitutional claims debatable or wrong.'" *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).  This is a lenient standard.  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir.2010)(en banc).  In order to satisfy it, Mr. Harmon must show "something more than the absence of frivolity, but something less than a merits determination[.]"  *Id.* (internal punctuation and citations omitted).

ORDER - 2

**RULING**

Mr. Harmon does not appear to deny he raised the disputed issues for the first time in his state habeas petition and, by doing so, violated a state procedural rule.  These combined circumstances create a substantial obstacle to federal habeas relief.  "A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim."  *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir.2005) (citing *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546).  Mr. Harmon has not attempted to establish cause and prejudice.  Thus, he is entitled to a COA only if a reasonable jurist could find this Court's failure to consider his federal habeas claims would result in a fundamental miscarriage of justice.  In *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir.2008), the Ninth Circuit explained:

> To qualify for the "fundamental miscarriage of justice" exception to the procedural default rule . . ., [the petitioner] must show that a constitutional violation has "probably resulted" in the conviction when he was "actually innocent" of the offense. *Murray [v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).]  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence,

ORDER - 3

trustworthy eye-witness accounts, or critical physical evidence -- that was not presented at trial." *Schlup [v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).]

Mr. Harmon has presented no evidence of actual innocence. That being the case, a reasonable jurist would be unable to find he has satisfied the "fundamental miscarriage of justice" exception to the procedural default rule. Accordingly, he is not entitled to a COA.

**IT IS HEREBY ORDERED:**

Petitioner Richard Harmon's motion for a certificate of appealability (**Ct. Rec. 16**) is **denied.** The Court will not consider a motion for reconsideration.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the petitioner and to counsel for the respondent.

**DATED** this ___19th___ day of July, 2010.

                       s/ Fred Van Sickle
                       Fred Van Sickle
             Senior United States District Judge

ORDER - 4